# CLARA L. PATTERSON
## v.
# H. D. & E. D. FOLSOM.

*Garnishment—Exemptions—Interpleader—Presumptions—Bill of Exceptions.*

1. The presumption of law is in favor of the regularity and correctness of the proceedings of courts of general jurisdiction.

2. In a garnishee proceeding, involving the right of the judgment debtor to claim certain money and property as exempt, the question at issue being one of fact, this court declines to interfere with the judgment, as the bill of exceptions does not purport to contain all the evidence.

[Opinion filed January 10, 1889.]

IN ERROR to the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs GUYER & SWEENY, for plaintiff in error.

Mr. J. T. KENWORTHY, for defendants in error.

This case was tried by the court below without a jury, and, as the bill of exceptions in this case does not purport to "contain all the evidence," and as all the errors assigned involve an examination of the testimony, it follows this court can not, as the transcript now stands, determine the questions urged by the plaintiffs in error; and the judgment below must be affirmed.

Miss Patterson came in before the justice of the peace, and in the Circuit Court, as she had the right to do under the garnishment act, Secs. 11 and 12, and set up her exemption. She could do this, or the garnishee could do it for her. Winslow v. Benedict, 70 Ill. 120; Fanning v. Nat. B'k, Jacksonville, 76 Ill. 53; C., R. I. & P. Ry. v. Mason, 11 Ill. App. 525.

C. B. SMITH, J. This was a writ of error to Rock Island county. The controversy was and is as to the liability of H. D. and E. Folsom to garnishee process as to the debtor of Clara L. Patterson. Knight & Company recovered a judgment against Clara L. Patterson, and, failing to make the judgment out of Miss Patterson, sued out garnishee process and had it served upon the Folsoms as debtors of Miss Patterson. They answered that they were indebted in the sum of about $37 to Miss Patterson and also that they had certain property belonging to her in their possession, which they turned over to the officer.

On the trial of the garnishee proceedings, Miss Patterson interpleaded and claimed that both money and the property were exempt from the process of execution or garnishment.

She claimed that the money and property had been set off to her as exempt from execution and garnishment in a pre-

vious proceeding between herself and another execution creditor. This claim was resisted by Knight & Company.

A trial was held, resulting in judgment against Knight & Company, the court holding the property exempt. Knight & Company bring the record here and ask for a reversal of this judgment, and assign various errors. The question as to whether this property and money were exempt was a question of fact and involved the ascertainment of a number of facts.

Upon examining the record we find the bill of exceptions does not purport to contain all the evidence; nor does the certificate of the judge so state. Without all the evidence before us we can not pass upon the questions raised by counsel. The presumption of law is in favor of the regularity and correctness of the proceedings of courts of general jurisdiction. If the bill of exceptions contained all the evidence it might show a proper schedule, and that the property and money was held on special deposit, or upon some kind of a trust, for Miss Patterson.

In the absence of anything shown to the contrary, we must therefore presume the court had sufficient evidence before it to warrant the judgment.

*Judgment affirmed.*